# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TRACY HOUSTON-MORRIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-00325-CV-W-FJG |
| AMF BOWLING CENTERS, INC., | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Partial Motion to Dismiss (Doc. # 5).

### I. BACKGROUND

On December 28, 2009, plaintiff filed an Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and also with the Missouri Commission on Human Rights. On December 22, 2010, the Missouri Commission on Human Rights ("MCHR") issued a Notice of Right to Sue letter to plaintiff. On January 27, 2011, the EEOC issued plaintiff a Notice of Right to Sue letter. Plaintiff alleges that she was subjected to discriminatory treatment from co-workers and management due to her race. On March 28, 2011, plaintiff filed a six count Complaint alleging: Count I - Title VII-Racial Discrimination; Count II - Missouri Human Rights Act-Racial Discrimination; Count III - Outrageous Conduct; Count IV - Negligent Infliction of Mental Distress; Count V - Title VII-Retaliation and Count VI - Missouri Human Rights Act - Retaliation. Defendant moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Counts II, V and VI of Plaintiff's Complaint.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555, 127 S.Ct. at 1965. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly 550 U.S. at 557, 127 S.Ct. at 1966). "Determining whether a claim is plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010) (quoting Iqbal 129 S.Ct. at 1950). Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Barry v. Time Ins. Co., No. CIV 11-4018-KES, 2011 WL 2566129, *2 (D.S.D. June 28, 2011). "The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims." Richardson v. Hellmuth, Obata & Kassabaum, Inc., No. 4:11CV1227 CDP, 2011 WL 4635183, *2 (E.D.Mo. Oct. 4, 2011), (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## III. DISCUSSION

### A. Defendant's Motion to Dismiss

Defendant argues that Counts II and VI alleging racial discrimination and retaliation under the Missouri Human Rights Act should be dismissed because they are time barred. Secondly, defendant argues that Counts V and VI alleging federal and

2

state claims of retaliation should be dismissed because plaintiff failed to exhaust her administrative remedies. In response, plaintiff admits that in her charge to the MCHR she only identified the cause of discrimination as race and did not check the box for retaliation. Plaintiff's counsel therefore seeks leave to voluntarily dismiss the retaliation claims - Counts V and VI of the initial complaint.

Thus, the only issue that the Court must consider is the timeliness of plaintiff's MHRA claim for race discrimination. On December 22, 2010, the MCHR sent plaintiff a Notice of Right to Sue. The letter stated that the Commission was unable to conclude that violations of the Act had occurred. The letter stated:

> This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

(Plaintiff's Complaint, Ex. A)(emphasis in original). Plaintiff filed her action in this Court on March 28, 2011, 96 days after the date of the Notice of Right to Sue letter.

Defendant argues that because plaintiff's Complaint was filed after the expiration of the 90 day deadline, the MHRA racial discrimination claim is time barred and should be dismissed. In Hammond v. Municipal Correction Institute, 117 S.W.3d 130 (Mo.App.2003), the Court quoted Mo.Rev.Stat. § 213.111.1 which states:

> Any action brought in court under [the Missouri Human Rights Act] shall be filed within ninety days from the date of the commission's notification letter to the individual . . ..

3

Id. at 138. The Court noted:

> [wh]ere the language of the statute is clear and unambiguous, courts must give effect to the language used by the legislature. . . . Statutes of limitation contained in the Missouri Human Rights Act have been strictly construed. . . .It might be a better idea to provide for a period of ninety days from receipt of the notice (letter), because of the conflict with EEOC practice. However, we cannot do that without re-writing the statute ourselves, something for which we have no authority.

Id. at 138-139 (internal citations and quotations omitted). Similarly, in Richardson v. 2011 WL 4635183 the Court noted the distinction between Title VII claims and MHRA claims:

> For Title VII claims, there is a rebuttable presumption that a claimant receives an agency's correspondence three days after it was mailed. . . The 90-day limitation period therefore does not begin to run until three days after the issuance date of the right to sue letter. . . The same three-day presumption does not apply to the MHRA's statute of limitations. . . Therefore, the 90-day limitation period for MHRA claims runs from the date the right to sue letter was issued, and not when it was received. . . A party cannot file a suit even one day after the 90-day statute of limitations has run.

Id. at * 2 (internal citations and quotations omitted).

In response to defendant's assertion that her claim was untimely filed, plaintiff argues that the deadline should be equitably tolled because of an ambiguity as to when the notice actually begins to run. Plaintiff's counsel alleges that tolling is appropriate "in light of Ms. Morris' possibly being misled by the language of the alleged notice of rights, as well as her unfamiliarity with handling and interpreting such notices." (Plaintiff's Suggestions in Opposition, p. 4). Plaintiff also argues that federal discrimination law is authoritative where the Missouri Supreme Court has not spoken on the issue. Therefore, plaintiff argues that the Court should apply the EEOC interpretation, and find that the 90 day period begins to run from *receipt* of the Notice of Right to Sue Letter.

However, as discussed above, the Missouri Courts have squarely addressed this

4

issue and have declared that the 90-day period begins to run from the date of the Notice of Right to Sue Letter. See Hammond, 117 S.W.3d at 140 ("By the terms of the statute, there is no provision made for time the notice spends in the mail."). The statute also specifically states that "[a]ny action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual . . ." Mo.Rev.Stat. § 213.111.

Additionally, the Court finds no basis on which to equitably toll the statute of limitations. Plaintiffs only makes a vague reference to the fact that she might "possibly" have been misled. In Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989), the Court stated that "[c]ourts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." The Court listed examples of when equitable tolling might be applied, such as when a motion for appointment of counsel is pending, where the Court might have led the plaintiff to believe all requirements for bringing a suit were met or where defendant's conduct caused plaintiff not to take a necessary action. Id. at 1124, n.2 (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151,104 S.Ct. 1723,1725, 80 L.Ed.2d 196 (1984)). In the instant case, the Court finds no basis on which to equitably toll the statute of limitations. Accordingly, because plaintiff's MHRA claim was filed after the expiration of the 90-day deadline, the Court finds that this claim was untimely filed and must be dismissed. Therefore, defendant's Motion to Dismiss Count II of plaintiff's Complaint is hereby **GRANTED** (Doc. # 5). Additionally, because plaintiff failed to exhaust her administrative remedies with regard to her retaliation claims, Counts V and VI are also **DISMISSED**.

    **B. Plaintiff's Motion to Amend the Complaint**

In her Suggestions in Opposition to the Motion to Dismiss, plaintiff also asks for Leave to Amend her Complaint. Plaintiff states that she requests leave to amend in order to supplement any factual deficiencies in the initial pleading. Defendant opposes the Motion to Amend and argues that the proposed First Amended Complaint does not explain why it is being filed or how it is being amended from the original Complaint. The Court has compared the two Complaints and the only noticeable difference is the deletion of the retaliation counts in the First Amended Complaint.

Fed.R.Civ.P. 15(a)(2) states in part "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As no Scheduling Order has yet been entered, the Court will grant plaintiff an opportunity to file an Amended Complaint in order to supplement any factual information she deems necessary and also to remove those claims which the Court has now dismissed. Plaintiff shall file her Amended Complaint on or before **November 10, 2011**.

Date: <u>November 3, 2011</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge